ALAN E. COBB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cobb v. Commissioner
Docket No. 7885-75.
United States Tax Court
T.C. Memo 1976-327; 1976 Tax Ct. Memo LEXIS 78; 35 T.C.M. (CCH) 1480; T.C.M. (RIA) 760327; October 26, 1976, Filed Alan E. Cobb, pro se. Fred G. Gerald, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $84 in petitioner's Federal income tax for 1973. The only issue for decision is whether petitioner is entitled to deduct under section 162 [1] a portion of the rental expenses for his apartment, where a part of the apartment was used from January 1 to May 31, 1973, to study and prepare for educational courses, the cost of which qualifies as a deductible ordinary and necessary business *79 expense. FINDINGS OF FACT Petitioner Alan E. Cobb was a legal resident of Bryn Mawr, Pennsylvania, at the time his petition was filed with this Court. He filed his individual Federal income tax return for 1973 with the Internal Revenue Service, Philadelphia, Pennsylvania. At all times material herein, petitioner was employed as a senior attorney in the Office of the Chief Counsel, Internal Revenue Service, and was assigned to the Philadelphia, Pennsylvania, Regional Office of the Mid-Atlantic Region. He was a Tax Court litigation attorney responsible for the preparation, trial, and closing of assigned Tax Court cases. In connection with his employment, petitioner was provided with a private office, heated and air-conditioned 6 days a week, 24 hours a day, and available for his use at any time. In September 1970, petitioner enrolled in the Masters Program (in taxation) at New York University School of Law. He attended evening classes during the fall and spring semesters of September 1970 through May 1973, one night a week, from *80 6 p.m. to 10 p.m. He successfully completed the program and received his degree in June 1973. During the entire taxable year 1973, petitioner lived alone in a one-bedroom apartment in Bryn Mawr, Pennsylvania. From January 1 to May 31, 1973, petitioner used a portion of his bedroom for study and class preparation from 16 to 20 hours per week. He occasionally used this same space, which contained a table, chair, telephone, several lamps, and bookshelves for purely personal matters such as making telephone calls and balancing his checkbook. Petitioner did most of his studying at his apartment in the evenings after work because he found it personally appealing to come home, relax, have dinner, and then study. Additionally, his apartment was quieter than his office, had less distractions, and was in general more convenient than anywhere else. Petitioner's leasing of his apartment was in no way predicated upon his possible use of any part of it for studying purposes, and he would have leased the same apartment whether or not he had enrolled in the Masters Program. Petitioner incurred no additional expense as a result of the use of a part of his apartment as a place of study. *81 On his 1973 Federal income tax return, petitioner deducted educational expenses in the amount of $569.80. Included in this amount were a deduction for books and supplies in the amount of $25, a deduction for transportation in the amount of $334.80 and a home office deduction in the amount of $210, derived by taking 1/6 of the rent on his apartment for the period January 1 to May 31, 1973. Respondent disallowed the $210 deduction for an office in the home. OPINION Section 162(a) [2] allows a deduction for ordinary and necessary business expenses, and section 1.162-5, Income Tax Regs., [3] provides that expenses for education are, with certain exceptions not applicable here, deductible under section 162 if the education maintains or improves skills required by the individual in his employment. *82 Section 262 [4] disallows any deduction for personal, living, or family expenses, and section 1.262-1(b)(3), Income Tax Regs., dealing with the deduction of expenses for one's residence as a business expense, provides as follows: Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense. In our recent opinion in Joel A. Sharon,66 T.C. 515 (1976), after pointing out (p. 522) that section 262 of Part IX of subchapter B of chapter 1 of the Code must take precedence over section 162 of Part VI of subchapter *83 B of chapter 1, we held that an attorney employed by the Internal Revenue Service who occasionally used one room in his apartment as a place for doing office work was not entitled to a home office deduction under section 162 for 1/6 of the rental and other costs of his apartment. We stated (66 T.C. at 524): It is true that the Supreme Court has interpreted the word "necessary" as used in a predecessor of section 162(a) to mean "appropriate and helpful" in "the development of petitioner's business." Welch v. Helvering,290 U.S. 111, 113 (1933). It is also true that the petitioner's utilization of a room in his apartment for occasional office work was appropriate and helpful in his work in the sense that it was fitting, proper, and useful. However, that is not sufficient for the purposes of section 162(a). The "appropriate and helpful" concept is not a litmus test. Where there is a mixture of personal and business considerations, that test, like the statutory "ordinary and necessary" test, requires a weighing and balancing of all the facts so that they may be given the proper order of importance, bearing in mind the precedence of section 262, which *84 denies deductions for personal expenses, over section 162, which allows deductions for business expenses. * * * Petitioner categorizes a portion of his rent as an educational expense. Respondent acknowledges that petitioner's expenses for books, school fees, and transportation to and from school are deductible educational expenses because the education maintained or improved petitioner's skill as a Government attorney. However, respondent contends, applying the tests enunciated in Sharon and in section 1.262-1(b)(3), Income Tax Regs., quoted above, that the rental expenses here in issue were not paid for business (educational) purposes, but were paid by petitioner to provide a home for himself and are, therefore, nondeductible personal expenses under section 262. We agree. Petitioner's leasing of his apartment was in no way predicated upon his possible use of any part of it for studying purposes, and he would have rented the same apartment (including the space which he set aside for studying purposes) notwithstanding his enrollment in the graduate tax program. He continued to live in the same apartment and pay the same rent after completion of the program in June 1973. *85 Thus, his use of a portion of the apartment for a few hours of study each week from January 1 to May 31, 1973, was merely incidental to the purely personal purpose for which the rent was expended. Petitioner incurred no additional apartment-rent expenses as a result of his enrollment in the Master's Program. Since he has not shown that the rent was paid for the purpose of acquiring home office space, or that the rent he paid was greater than the rent otherwise required to obtain living quarters, we do not think he is entitled to this deduction. See Fausner v. Commissioner,413 U.S. 838, 839 (1973). We do not doubt that it was helpful for petitioner to return to his apartment in the evening after work, to relax and have dinner before studying. However, "[the] use of a portion of an apartment for business purposes for reasons of personal convenience, comfort, or economy will not support a deduction under section 162(a)." Joel A. Sharon,supra at 524-525. After a careful "weighing and balancing of all the facts," Joel A. Sharon,supra at 524, we hold that petitioner is not entitled to deduct any part of his apartment *86 rental expenses from January 1 to May 31, 1973. Petitioner's incidental use of a portion of his apartment while studying his law school courses does not convert a part of his rent into an educational expense any more than the taxpayer's occasional performance in Sharon of business in a portion of his apartment converted a part of his rent into a business expense. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * *↩
3. Sec. 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his education program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status or rate of compensation. * * *↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩